UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHELLE FRIEDMAN<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNIVEST BANK AND TRUST CO.<br><br>　　　　　　Defendant. | **NOTICE OF MOTION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>No. 22-CV-03858 |

　　　　PLEASE TAKE NOTICE that defendant Univest Bank and Trust Co. will move this court, before the Hon. William F. Kuntz, II, U.S.D.J., United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, on the 2nd day of November, 2022, or as soon thereafter as counsel can be heard,[1] for an order, pursuant to Rule 11 of the Federal Rules of Civil Procedure, imposing sanctions on plaintiff Rochelle Friedman and her counsel for: (1) filing and advocating for the complaint in this action for an improper purpose; (2) pursuing a claim not warranted by existing law or any argument for modifying existing law; and (3) failing to conduct any inquiry into the factual basis for the exercise of personal jurisdiction over Defendant in the State of New York. Defendant requests sanctions in an amount sufficient to compensate Defendant for the attorneys' fees expended on responding to Plaintiff's complaint, along with the dismissal with prejudice of any remaining claims against Plaintiff.

　　　　The basis for Defendant's motion is set forth more fully in the memorandum of law and the declaration of Lisa Mantz submitted contemporaneously herewith. In compliance with Federal

---

[1] Consistent with the Court's order of July 21, 2022 in this litigation, which states that the Court's pre-motion conference requirement has been suspended, Defendant did not request a pre-motion conference prior to making this motion. In the event that the Court's requirements have changed, Defendant respectfully requests that the Court treat its notice of motion as a request for a pre-motion conference.

10153838.v3

Rule of Civil Procedure 11(c), Defendant served Plaintiff on September 20, 2022 with a letter enclosing a draft of this motion setting forth the basis upon which Univest seeks sanctions, and demanded that Plaintiff withdraw her complaint within twenty-one days of the date of the letter. A true and correct copy of the letter, without enclosures, is attached hereto as Exhibit 1.

Dated:  October 12, 2022

                                           */s/ Paige M. Willan*
                                           Paige M. Willan
                                           KLEHR HARRISON HARVEY BRANZBURG LLP
                                           5 Penn Plaza, 19th Floor
                                           New York, New York 10001
                                           (332) 600-5580 (p)
                                           (332) 600-7230 (f)
                                           pwillan@klehr.com

                                           *Attorneys for Defendant*
                                           *Univest Bank and Trust Co.*

# EXHIBIT 1



Paige M. Willan
**Direct Dial**: 215-569-4283
**Email**: PWillan@klehr.com

September 20, 2022

**VIA ELECTRONIC MAIL AND FIRST CLASS MAIL**
Frank R. Seddio, Esq.
Seddio & Associates, P.C.
9306 Flatlands Avenue
Brooklyn, New York
seddiolaw@gmail.com

Re:   Friedman v. Univest Bank and Trust Co., No. 22-CV-003858 (E.D.N.Y.)

Dear Mr. Seddio:

As you know, we represent Univest Bank and Trust Co. in connection with the above-referenced litigation. I write, pursuant to Federal Rule of Civil Procedure 11(c), to provide you with notice that Univest intends to move for sanctions against your client and your firm if the complaint in this action is not withdrawn within twenty-one days of the date of this letter.

The basis for Univest's motion is set forth more fully in the attached draft notice of motion and memorandum of law. Among other things, it is plain that – in violation of Federal Rule of Civil Procedure 11(b)(1) – Ms. Friedman initiated this action for the improper purposes of forum shopping, delaying the resolution of proceedings pending in the Superior Court for the State of New Jersey, and avoiding the impact of a settlement between Univest and 330 Carter Equity, LLC.

Moreover, as set forth in the attached draft papers, in Univest's motion to dismiss this case, and in Univest's opposition to Ms. Friedman's motion to intervene in the New Jersey foreclosure action, Ms. Friedman's claim plainly has no basis in law, is barred under applicable law by collateral estoppel, and is meritless because Ms. Friedman does not have standing to pursue claims related to the subject property. Further, to the extent Ms. Friedman's claim ever had any merit – it did not – that claim has now been released. In addition, Ms. Friedman and your firm utterly failed to investigate whether Univest was subject to personal jurisdiction in New York before initiating this action. Those circumstances demonstrate a violation by your firm of Federal Rule of Civil Procedure 11(b)(2), meriting monetary sanctions.

1835 MARKET STREET   |   SUITE 1400   |   PHILADELPHIA, PA 19103   |   t 215.569.2700   |   f 215.568.6603   |   www.klehr.com
PENNSYLVANIA   |   NEW JERSEY   |   DELAWARE   |   NEW YORK

10141507.v1


September 20, 2022
Page 2

      Univest expects that the Complaint in this matter will be withdrawn as provided by Rule 11(c). In the event that it is not, Univest will file the enclosed motion. Please be guided accordingly.

                                        Sincerely,

                                        Paige M. Willan

PMW:pmw
Enclosures
cc:    Vicky Mao, Esq. (via email only)

PENNSYLVANIA   |   NEW JERSEY   |   DELAWARE   |   NEW YORK

10141507.v1