UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROCHELLE FRIEDMAN

                Plaintiff,

       v.

UNIVEST BANK AND TRUST CO.

                Defendant.

No. 22-CV-03858

## DEFENDANT UNIVEST BANK AND TRUST CO.'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
## SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Filed: October 12, 2022

Paige M. Willan
KLEHR HARRISON HARVEY
BRANZBURG LLP
5 Penn Plaza, 19th Floor
New York, New York 10001
(332) 600-5580 (p)
(332) 600-7230 (f)
pwillan@klehr.com

*Attorneys for Defendant*
*Univest Bank and Trust Co.*

10212236.v1

**TABLE OF CONTENTS**

Preliminary Statement ............................................................................................... 1

Statement of Facts ..................................................................................................... 1

     A.     Univest Loans Funds to Carter Equity, and Carter Equity Defaults ........................2

     B.     The Court Orders a Sheriff's Sale and Carter Equity Obtains Adjournments .........3

     C.     The New Jersey Court Rejects Carter Equity's Emergency Stay Motion ..............3

     D.     Friedman Files This Action to Collaterally Attack the New Jersey Court's
            Order on the Emergency Motion to Stay ..................................................................4

     E.     After the Sale, the New Jersey Court Rejects Carter Equity's Objection,
            Friedman Intervenes and Carter Equity Settles with Univest ..................................5

Argument ................................................................................................................... 7

I.     The Court Should Sanction Plaintiff and Her Counsel Because This Action
     Was Filed For Improper Purposes ..........................................................................7

II.    The Court Should Sanction Plaintiff's Counsel Because Plaintiff's Claim Is
     Not Warranted by Existing Law ...........................................................................10

     A.     Friedman's Counsel Should be Sanctioned Because New Jersey Law Does
            Not Provide For A Permanent Injunction To Prevent A Foreclosure Sale ...........10

     B.     Friedmans' Counsel Should Be Sanctioned Because She Plainly Lacks
            Standing .................................................................................................................13

     C.     Friedman's Counsel Should be Sanctioned for Pursuing Claims That
            Have Been Released ...............................................................................................13

III.   The Court Should Sanction Plaintiff's Counsel Because They Failed To Conduct
     Any Inquiry Into Whether New York Was An Appropriate Jurisdiction For These
     Claims ..................................................................................................................14

Conclusion ............................................................................................................... 16

10212236.v1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*,
828 F. Supp. 2d 557 (E.D.N.Y. 2011) ...........................................................14, 15

*Bankers Trust Co. of Cal., N.A. v. Delgado*,
787 A.2d 195 (N.J. Super. Ct. App. Div. 2001).......................................................11

*Clinton Capital Corp. v. Straeb*,
589 A.2d 1363 (N.J. Super. Ct. Ch. Div. 1990)......................................................10

*Coast Mfg. Co. v. Keylon*,
600 F. Supp. 696 (S.D.N.Y. 1985) ...........................................................................8

*Conservative Club of Wa. v. Finkelstein*,
738 F. Supp. 6 (D.D.C. 1990) ............................................................................9, 13

*Fuerst v. Fuerst*,
832 F. Supp. 2d 210 (E.D.N.Y. 2011) ...............................................................13, 14

*Glass v. Del Duca*,
151 A.D.3d 941 (2d Dep't 2017) ............................................................................12

*Gutierrez v. Fox*,
141 F.3d 425 (2d Cir. 1998)........................................................................14, 15, 16

*Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*,
875 F.2d 388 (2d Cir. 1989)....................................................................................14

*Kotler v. John Hancock Mut. Life Ins. Co.*,
168 A. 36 (N.J. Ch. 1933)........................................................................................11

*Lipin v. Nat'l Union Fire Ins. Co.*,
202 F. Supp. 2d 126 (S.D.N.Y. 2002).......................................................8, 9, 10, 11

*Mortg. Funding Corp. v. Boyer Lake Pointe, LC*,
379 F. Supp. 2d 282 (E.D.N.Y. 2005) ...............................................................14, 16

*Nguyen v. Milliken*,
104 F. Supp. 3d 224 (E.D.N.Y. 2015) .....................................................................13

*NVE Bank v. Ber-Loew P'ship*,
2012 WL 5381697 (N.J. Super. Ct. App. Div. Nov. 5, 2012) ..................................13

*Rockwell v. Despart,*
    205 A.D.3d 1165 (3d Dep't 2022) .........................................................................................12

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,*
    682 F.3d 170 (2d Cir. 2012)...........................................................................................7, 10

*U.S. Bank Nat'l Ass'n v. 303 S. 18th Ave., LLC,*
    2022 WL 1486999 (N.J. Super. Ct. App. Div. May 11, 2022)...............................................13

**Statutes**

N.J.S.A. § 2A:17-36 ..................................................................................................................11

N.J.S.A. § 2A:50-36 ..................................................................................................................11

N.Y. C.P.L.R. 302(a) ...........................................................................................................15, 16

**Other Authorities**

Fed. R. Civ. P. 11 ...................................................................................................................1, 7

10212236.v1

Defendant Univest Bank and Trust Co. ("Univest") submits this Memorandum of Law in support of its motion for sanctions against plaintiff Rochelle Friedman ("Friedman" or "Plaintiff") and her counsel pursuant to Federal Rule of Civil Procedure 11(c).

## PRELIMINARY STATEMENT

Friedman initiated this action in a cynical attempt to attack collaterally an order issued by a New Jersey court, and thereby prolong a foreclosure litigation that had been pending in New Jersey for more than a year.  When those efforts failed, she attempted to intervene in the New Jersey litigation and continues to use this litigation as justification for drawing out those proceedings, which the parties to that case have already settled.  But Friedman's sole claim utterly lacks any basis in law and she has no standing to pursue it.  Moreover, had Friedman or her counsel done even a scintilla of investigation before initiating this action, they would have found that jurisdiction over this dispute is not proper in New York.  Because Friedman has cynically attempted to use the state and federal courts in the State of New York to avoid the impact of well-reasoned decisions of the courts of the State of New Jersey, and because she and her counsel disregarded their obligation to ground any claims brought before this Court in applicable law and a reasonable investigation of the facts, this Court should impose sanctions on both Friedman and her counsel.

## STATEMENT OF FACTS

Univest is a Pennsylvania state-chartered bank with a principal place of business in the Commonwealth of Pennsylvania.  Declaration of Lisa Mantz ("Mantz Decl.") ¶ 3.  Univest maintains branches and offices in Pennsylvania and New Jersey, but not in New York.  *Id.* ¶ 4. Univest is not registered to do business in New York, and holds no property there.  *Id.* ¶¶ 5, 7.

There are no Univest employees in New York, and Univest does not solicit customers in New York. *Id*. ¶¶ 4, 6.

Friedman allegedly is a shareholder of non-party 330 Carter Equity, LLC ("Carter Equity"), a New Jersey limited liability company formed for the sole purpose of holding real property located at 330 Carter Road, Hopewell, New Jersey (the "Property"). *See* Verified Complaint (the "Complaint" or "Compl.") ¶¶ 1-2; Mantz Decl. ¶¶ 9, 10, Ex. A. Univest has never entered into any contract with Friedman, nor done any business with her, and Friedman does not allege otherwise. Mantz Decl. ¶¶ 8-11; *see also* Compl. ¶¶ 1-4.

### A.      Univest Loans Funds to Carter Equity, and Carter Equity Defaults

In September 2020, Univest extended a commercial loan to Carter Equity, which was secured by a mortgage on the Property. Compl. ¶ 3; Mantz Decl. ¶¶ 8, 12, Ex. B. Friedman was not a guarantor of the loan, and did not participate in any of the negotiations that led to the relationship between Univest and Carter Equity. Mantz Decl. ¶ 11.

In early 2021, Carter Equity defaulted on its loan by overdrafting a deposit account at Univest by over $4 million and failing to repay the overdraft upon demand. Mantz Decl. ¶¶ 14-16. The overdraft was caused by what one of Carter Equity's counsel has referred to as "a check kite of substantial proportions." Mantz Decl. ¶ 15, Ex. C at Ex. A at 1. According to the same counsel, a business associate of Russack – believed to be Friedman's spouse – "orchestrated" that scheme. *Id*.

As a result of this default, Univest initiated foreclosure proceedings in May 2021 (the "Foreclosure Action") in New Jersey Superior Court, Chancery Division, Mercer County (the "New Jersey Court"). *See id*. ¶ 17. Univest obtained a final judgment of over $18 million in the Foreclosure Action in January 2022. *See* Compl. ¶ 3; Mantz Decl. ¶ 18, Ex. D.

### B.    The Court Orders a Sheriff's Sale and Carter Equity Obtains Adjournments

On the same date that judgment was entered against Carter Equity, the New Jersey Court issued a writ of execution, directing the Sheriff of Mercer County (the "Sheriff") to sell the Property to satisfy the judgment.  Mantz Decl. ¶ 19, Ex. E.  The Sheriff initially scheduled the sale of the Property for March 23, 2022.  *Id*. ¶ 20.  Carter Equity obtained two adjournments of the sale by right, causing the sale to be rescheduled to May 18, 2022.  *Id*. ¶ 21.

On May 13, 2022, Carter Equity filed an emergency motion seeking an additional sixty-day stay of the sale.  Mantz Decl. ¶ 22, Ex. G.  In that motion, Carter Equity made arguments essentially identical to those contained in Friedman's Complaint: that the sale should be stayed because Carter Equity allegedly was in the process of obtaining financing to repay its debt to Univest and that Univest would not be harmed by a further delay of the sale, because it was allegedly "oversecured."  *See id*. Ex. G.  The New Jersey Court granted an initial thirty-day stay, and directed the parties to brief the question of whether a further stay should be granted.  *Id*. Ex. I.  Through that order and a subsequent scheduling order, the sale was adjourned to June 29, 2022. *Id*. ¶ 24.

### C.    The New Jersey Court Rejects Carter Equity's Emergency Stay Motion

The emergency motion was the subject of extensive briefing and oral argument.  On June 2, 2022, Carter Equity submitted a supplemental certification in support of its motion.  Mantz Decl. ¶ 25.  Univest filed an opposition on June 7, 2022, Carter Equity submitted a reply on June 14, 2022, and Univest submitted a sur-reply on June 15, 2022.  *Id*.  On June 27, 2022, the New Jersey Court held argument on the motion.  *Id*. ¶ 26, Ex. J.  Following that argument, the Court found that no further stay was merited, and rejected Carter Equity's arguments for any further delay of the sale:

10212236.v1

The complaint was filed in this matter over a year ago, in May of 2021.  The defendant has, therefore, been on notice that their ownership interest in this property is in jeopardy.  Over the course of that time, they've had opportunities to obtain financing and to stabilize their interest.  The plaintiff has worked with them to do so.  They entered into a forbearance agreement with the defendant back in September 2021.  The defendant defaulted on that forbearance almost immediately.  There are still concerns of the property damage.  In certifications, the defendant indicated that they had made certain repairs, but they also conceded that many of those repairs are ongoing. . . . Defendants claim that if the Court gave them a full 60 days instead of 45 days everything – everything would come to fruition, and this matter would have closed, and the financing would have been provided; I don't see any (indiscernible) process that suggests to this Court that the financing would be in place and concluded in 60 days. . . . There is no clear evidence that there's any type of equity cushion here.  The tenant has made a number of complaints, hasn't paid rent, has indicated that the lease may be in breach . . . Therefore I'm denying the stay application at this time.  And the sale will proceed.

*Id*. at Ex. J at 18:22-19:10, 21:5-11, 21:14-24.  The New Jersey Court thereafter issued a written order on the afternoon of June 27, 2022 denying the emergency motion.  *Id*. Ex. K.

**D.      Friedman Files This Action to Collaterally Attack the New Jersey Court's Order on the Emergency Motion to Stay**

Friedman filed the Complaint the day after the New Jersey Court resolved the emergency motion, on June 28, 2022, and obtained an *ex parte* order from the New York Supreme Court purporting to enjoin Univest and the Sheriff from "selling or auctioning" the Property.  *See* Mantz Decl. ¶ 27.  Critically, the Complaint contains only one cause of action: for a "permanent injunction," seeking to permanently enjoin "any foreclosure or forced sale of the Property."  *See* Compl. ¶¶ 10-14.  Nowhere in the Complaint does Friedman divulge that the Property has been the ongoing subject of a foreclosure action before the New Jersey Court, which had been pending for more than a year.  *See generally* Compl.  Nowhere in the Complaint does Friedman divulge that the New Jersey Court had ruled on the precise issues Friedman raised in her pleading the very day before the Complaint was filed.  *Id*.  The Complaint contains not a single allegation concerning jurisdiction or venue, and evidences no effort whatsoever to determine whether the action could properly be brought in the State of New York.  *See* Compl. ¶¶ 1-3.  Friedman cited no law to the

4

New York court concerning when a foreclosure action may be stayed under either New York or New Jersey law. *See generally* Compl. Nor does Friedman provide any explanation in her papers for her position that a New York court may issue an order countermanding an order of the New Jersey Court related to a property located in New Jersey, and over which the New Jersey courts had long exercised jurisdiction.

To add insult to injury, Friedman did not serve either Univest or the Sheriff with any papers on June 28, 2022. Mantz Decl. ¶ 27. Instead, on the morning of the day scheduled for the sheriff's sale, June 29, 2022, Carter Equity's counsel applied to the New Jersey Court for a further stay of the sale based upon this action and the *ex parte* order. *Id*. ¶ 28, Ex. L. The New Jersey Court denied Carter Equity's application. *Id*. ¶ 29, Ex. M.

Consistent with the repeated orders of the New Jersey Court, the Sheriff offered the Property for sale at public auction on June 29, 2022. Mantz Decl. ¶ 30. Univest was the sole bidder at the auction and purchased the Property for its opening bid. *Id*. Although the *ex parte* order Friedman obtained required her to personally serve it upon Univest, Friedman did not serve – or even attempt to serve – Univest with the Complaint or the *ex parte* order until approximately 4:00 PM on June 29, by which time the sale had been completed. *Id*. ¶ 31.

**E.     After the Sale, the New Jersey Court Rejects Carter Equity's Objection, Friedman Intervenes and Carter Equity Settles with Univest**

On July 11, 2022, Carter Equity submitted to the New Jersey Court an objection to the sheriff's sale. Mantz Decl. ¶ 32. In that objection, Carter Equity argued only that it should be entitled to a fair market value credit in connection with the sale of the Property, not that any irregularity or impropriety occurred in the conduct of the sale. *See id*. Ex. N at 5-8. The objection was fully briefed and the New Jersey Court held oral argument on July 19, 2022. *Id*. at 3. During this process of briefing and oral argument, Friedman made no effort to intervene in the Foreclosure

10212236.v1

Action to object to the sheriff's sale or otherwise to pursue any alleged rights related to the Property or to this action. *See id*. ¶ 32.

On July 25, 2022, the New Jersey Court issued an order denying Carter Equity's objection and directing the Sheriff to deliver the deed to the Property to Univest. Mantz Decl. ¶ 33, Ex. N at 2. The New Jersey Court found that "nothing in the record alleges, much less establishes, any fraud, accident, mistake, or procedural irregularity" related to the sale of the Property. *Id*. at 11. It also set a case management conference to "establish a discovery schedule and to schedule a fair market value hearing" in connection with Carter Equity's application for a fair market value credit. *Id*. at 2. Immediately following the issuance of the July 25, 2022 order, the Sheriff delivered a deed to the Property to Univest. *Id*. ¶ 34.

Two days after the denial of Carter Equity's objections to the sheriff's sale, Friedman filed a motion to intervene in the Foreclosure Action, along with a motion to stay delivery of the deed to Univest. Mantz Decl. ¶ 35, Exs. O, P. In her intervention motion, Friedman claimed that the filing of this action entitled her to a stay of the sheriff's sale, pending the resolution of this litigation. *See id*. Ex. O at 1. The New Jersey Court denied the motion to stay delivery of the deed and Friedman's motion to intervene remains pending. *See id*. at ¶ 36, Ex. Q.

On August 4, 2022, Univest, Carter Equity, and Ira Russack – the managing member of Carter Equity – entered into a Settlement Agreement and Release (the "Settlement Agreement"). Mantz Decl. ¶ 37, Ex. R. In the Settlement Agreement, Carter Equity, on its own behalf and on behalf of its members and shareholders, released Univest from "any and all complaints, claims, counterclaims, demands . . . and causes of action of any nature whatsoever . . . arising out of or relating to the Loan, the Loan Documents, the Property, the Foreclosure Action . . . ." *Id*. Ex. R § 3. Following execution of the Settlement Agreement, which resolved all disputes between

10212236.v1

Univest and Carter Equity concerning the Property and the Foreclosure Action, Carter Equity withdrew its request for a fair market value credit.  *Id.* ¶ 38.  All matters in the Foreclosure Action are now resolved, except for the pendency of Friedman's motion to intervene.  *Id.*

## ARGUMENT

The Court should grant Univest sanctions against Friedman and her counsel, because this litigation was filed for improper purposes, Friedman's claim is not warranted by existing law, and Friedman's counsel failed to conduct any investigation whatsoever into whether personal jurisdiction exists over Univest in New York.  By "signing, filing, submitting, or later advocating" a pleading or paper to a federal court, a person:

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b).  For a violation of this rule, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012).  The facts and circumstances of this action demonstrate that sanctions should be imposed.

## I.   THE COURT SHOULD SANCTION PLAINTIFF AND HER COUNSEL BECAUSE THIS ACTION WAS FILED FOR IMPROPER PURPOSES

The timing and content of Friedman's allegations in the Complaint show that Friedman filed and continues to pursue this action for multiple improper purposes: first, as a blatant effort to shop for a forum more friendly than the New Jersey Court to Friedman's arguments for an

7

10212236.v1

adjournment of the sheriff's sale of the Property; second, as an effort to delay the Foreclosure Action and the implementation of orders of the New Jersey Court; and finally, as an effort to avoid the impact of the Settlement Agreement.  The Court should sanction Friedman and her counsel for utilizing this Court for those improper reasons.

Friedman initiated this suit less than twenty-four hours after an adverse ruling by the New Jersey Court, plainly for the purpose of obtaining a different result in a more favorable forum. This Court may impose Rule 11 sanctions for the filing of a repetitive action for the sole purpose of shopping for a favorable forum.  *See Coast Mfg. Co. v. Keylon*, 600 F. Supp. 696, 698 (S.D.N.Y. 1985).  In the Complaint, Friedman asserts arguments previously pursued in New Jersey by the true party in interest: Carter Equity, the owner of the Property.  *Compare* Compl. ¶ 4 (Friedman arguing that a sale of the property is improper for two reasons) *with* Mantz Decl. Ex. G ¶ 6 (Carter Equity arguing to the New Jersey Court that the Property should not be sold for the same two reasons).  The timing of the filing demonstrates that Friedman sought a forum she deemed more favorable to her arguments – it was filed the very next day after the New Jersey Court rejected identical arguments made by Carter Equity, and ordered the sale to move forward.  *See* Mantz Decl. ¶ 26.  Indeed, Friedman's subsequent intervention in the Foreclosure Action, in which she relies not on substantive arguments, but on the pendency of this action as a basis for further delay of the proceedings in New Jersey, evidences that this action exists merely as an effort to shop for a different outcome on the arguments made by Carter Equity in New Jersey.

Carter Equity's subsequent reliance on Friedman's New York pleading to seek further delay in the New Jersey Court also merits sanctions.  Where a party files a baseless lawsuit and attempts to use the existence of that litigation to delay or obfuscate parallel proceedings, that is an improper purpose meriting Rule 11 sanctions.  *Lipin v. Nat'l Union Fire Ins. Co*., 202 F. Supp. 2d

126, 141 (S.D.N.Y. 2002).  In *Lipin*, the plaintiff filed claims previously rejected in another case, and sought an injunction prohibiting the continuation of disciplinary proceedings against her counsel arising from the prior litigation.  *See id*.  The court in *Lipin* found that the request for an injunction and the correlation of the timing between the initiation of the new litigation and events in the disciplinary proceeding showed that the motive for the commencement of the litigation was to "disrupt" those other proceedings.  *Id*.  In those circumstances, the court imposed Rule 11 sanctions because the plaintiff's papers were filed for the improper purpose of harassment and causing unnecessary delay in the parallel proceeding and increased costs to the defendant.  *See id*. at 140-41.

Similarly here, Friedman filed this litigation for the improper purpose of delaying or obfuscating proceedings in the New Jersey Court.  As in *Lipin*, the correlation in the timing between the filing of this litigation and the resolution of Carter Equity's emergency motion in the Foreclosure Action provides evidence of this improper purpose.  *See* Mantz Decl. ¶ 27.  Here, however, the evidence of Friedman's improper purpose in filing this suit goes even further, as she has explicitly used the pendency of this litigation to argue to the New Jersey Court that she should be permitted to intervene in that action and delay the implementation of orders entered by the New Jersey Court after full briefing and argument by Carter Equity.  *See* Mantz Decl. ¶ 35, Ex. O at 1.  Such conduct warrants Rule 11 sanctions.  *See Lipin*, 202 F. Supp. 2d at 140-41.

Friedman also continues to pursue this action for the improper purpose of collaterally attacking the settlement between Carter Equity, Russack, and Univest.  Initiating a meritless action to avoid the impact of a settlement is an improper purpose sanctionable under Rule 11.  *See Conservative Club of Wa. v. Finkelstein*, 738 F. Supp. 6, 15 (D.D.C. 1990).  As described in greater detail below, Carter Equity, Russack, and Univest have settled all of the claims related to the

10212236.v1

Property and the Foreclosure Action.  *See infra*, § II.C.  Nevertheless, Friedman continues to pursue a meritless claim in this litigation to avoid the impact of that settlement.  *See*, *e.g*., Mantz Decl. Ex. O (containing Friedman's argument in the New Jersey Court that the resolution of the Foreclosure Action should be delayed while she pursues this action); *see also infra* § II.A (describing the lack of merit in Friedman's claim).  Such an improper purpose also justifies the grant of sanctions against Friedman and her counsel.

## II.    THE COURT SHOULD SANCTION PLAINTIFF'S COUNSEL BECAUSE PLAINTIFF'S CLAIM IS NOT WARRANTED BY EXISTING LAW

Rule 11 sanctions should also be awarded against Friedman's counsel for pursuing claims that are not warranted by law.  First and foremost, no law provides for the relief Friedman seeks, which is also barred by collateral estoppel.  Second, Friedman plainly lacks standing to bring her claim.  Finally, any claim that Friedman previously may have had was released in the settlement between Univest, Carter Equity, and Russack.

### A.    Friedman's Counsel Should be Sanctioned Because New Jersey Law Does Not Provide For A Permanent Injunction To Prevent A Foreclosure Sale

Friedman's counsel should be sanctioned for signing a pleading in which the sole claim, a request for a permanent injunction to prevent a foreclosure sale, seeks relief from the Court contrary to black-letter New Jersey law on foreclosure actions.  Sanctions against counsel are appropriate under Rule 11 where it is clear that the claim has no chance of success under applicable law.  *Star Mark Mgmt., Inc.*, 682 F.3d at 177-78; *Lipin*, 202 F. Supp. 2d at 139.  New Jersey law plainly provides for the sale of real property to satisfy a debt secured by a mortgage, and also provides that that a debtor is entitled to only two adjournments of a foreclosure sale as of right. [1]

---

[1] A foreclosure action is a quasi in rem proceeding, and can be brought only in the jurisdiction where the land is situated.  *Clinton Capital Corp. v. Straeb*, 589 A.2d 1363, 1370 (N.J. Super. Ct. Ch. Div. 1990), *abrogated on other grounds*, *Westmark Commercial Mortg. Fund IV v. Teenform Assocs., L.P.*, 827 A.2d 1154 (N.J. Super. Ct. App. Div. 2003).  New Jersey procedural law governs the conduct of a foreclosure action brought in New Jersey.  *Id*.

N.J.S.A. § 2A:50-36; N.J.S.A. § 2A:17-36.  All other adjournments of a sheriff's sale must be upon order of a New Jersey court "for cause."  N.J.S.A. § 2A:17-36.  "[T]he obvious intent" of this statute "is to protect the judgment creditor from unjustified adjournments of the sale, thus frustrating the right of the judgment creditor to sell the property in an effort to satisfy the judgment."  *Bankers Trust Co. of Cal., N.A. v. Delgado*, 787 A.2d 195, 197 (N.J. Super. Ct. App. Div. 2001).  In fact, New Jersey "courts have uniformly looked with disfavor upon . . . interference with orderly procedure in foreclosure suits unless equity is apparent . . . the defendant therein has no right to obstruct the process of law invoked by the mortgagee for the collection of his debt." *Kotler v. John Hancock Mut. Life Ins. Co*., 168 A. 36, 37 (N.J. Ch. 1933).  Here, Friedman's only claim in the Complaint is that she is entitled to a "permanent injunction" because "it is against equity to allow a foreclosure or any other forced sale of the Property."  *See* Compl. ¶¶ 11-14.  No New Jersey law permits for an injunction permanently stopping a foreclosure action on those grounds.  *See* Mantz Decl. Exs. J, K.  In fact, the New Jersey Court already determined – one day before Friedman filed the Complaint – that no cause existed under New Jersey law to further delay the sale of the Property.  *See generally id*.  Because even a cursory review of the facts and New Jersey law demonstrates that there is no legal basis to request a permanent injunction of a sheriff's sale of a New Jersey property directed by a New Jersey Court after all statutory adjournments have been exercised, Rule 11 sanctions are merited here.

The filing of the Complaint is also sanctionable because it is plainly barred by collateral estoppel.  Where a review of applicable law demonstrates that the claims in a case are barred by claim or issue preclusion, Rule 11 sanctions against counsel are warranted.  *See Lipin*, 202 F. Supp. 2d at 140.  Under New York law, collateral estoppel bars a claim where "(1) the issues in both [actions or] proceedings are identical, (2) the issue in the prior action or proceeding was actually

10212236.v1

litigated and decided, (3) there was a full and fair opportunity to litigate in the prior [action or] proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Rockwell v. Despart*, 205 A.D.3d 1165, 1167 (3d Dep't 2022) (quoting *Conasan v. Megan Holding, LLC*, 29 N.E.3d 215 (N.Y. 2015)) (alterations in original).  The first and second elements of collateral estoppel are satisfied here because issues presented in the Complaint are identical to issues that have already been addressed and adjudicated in the Foreclosure Action.  *Compare* Compl. ¶¶ 4-9 (alleging facts in support of Friedman's claims) *with* Mantz Decl. Ex. G ¶¶ 6, 9, 10, 12, 13, 15, 16 (facts alleged in Russack Certification filed in support of an emergency motion to stay the sheriff's sale in the New Jersey Court that are essentially identical in both substance and form to the facts alleged in the Complaint) *and* Mantz Decl. Exs. J, K (transcript and order in which New Jersey Court considered and decided arguments identical to Friedman's).  The third element of collateral estoppel is also satisfied because, to the extent Friedman had any interest in the Property, she is in privity with the former record owner – Carter Equity – who had a full and fair opportunity to litigate the issues in the Foreclosure Action.  *See Glass v. Del Duca*, 151 A.D.3d 941, 942 (2d Dep't 2017) (holding that property owners in privity with another property owner were barred by collateral estoppel from relitigating an issue that the other property owner already pursued to its conclusion).  Finally, the determination of the issues raised in the Complaint was necessary to a determination of whether the Sheriff's sale could proceed, satisfying the final element of collateral estoppel.  Because Friedman's claim is also baseless given the prior adjudication of her arguments by the New Jersey Court, Rule 11 sanctions should be imposed.

**B.**     **Friedmans' Counsel Should Be Sanctioned Because She Plainly Lacks Standing**

Sanctions should also be granted because a basic review of black-letter law demonstrates that Friedman does not have standing to pursue a claim against Univest as a result of a foreclosure on a property in which Friedman has no personal interest.  A plaintiff cannot maintain an action based upon an injury that happened to another person.  *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 228-29 (E.D.N.Y. 2015).  Moreover, New Jersey courts have determined that an individual shareholder of a corporate property owner does not have a legally cognizable interest in a foreclosure action brought in connection with the corporation's real property.  *See NVE Bank v. Ber-Loew P'ship*, 2012 WL 5381697, at *4-5 (N.J. Super. Ct. App. Div. Nov. 5, 2012) (holding that an individual partner did not have "an interest relating to property" sufficient to permit him to intervene at the eleventh hour in a New Jersey foreclosure action involving property owned by the partnership); *see also U.S. Bank Nat'l Ass'n v. 303 S. 18th Ave., LLC*, 2022 WL 1486999, at *2-3 (N.J. Super. Ct. App. Div. May 11, 2022).  Here, Friedman nowhere asserts that she personally has any ownership interest in the Property or involvement with the mortgage whatsoever.  Compl. ¶ 2.  Rather, Friedman alleges only that she is a shareholder of Carter Equity.  Compl. ¶ 1.  Accordingly, under well-established federal law and New Jersey law, Friedman lacks standing to pursue her claim.  For this additional reason, sanctions should be imposed on Friedman's counsel.

**C.**     **Friedman's Counsel Should be Sanctioned for Pursuing Claims that Have Been Released**

Even if Friedman's claim had been supported by applicable law when this suit was originally filed (it was not), any claims belonging to Friedman have now been released and no basis exist for continuing to assert them.  Rule 11 sanctions are appropriate when counsel continues to pursue claims that have been released by settlement.  *See Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011); *see also Conservative Club of Wa.*, 738 F. Supp. at 15 (finding sanctions

justified because "this is a wholly meritless action brought by the [Plaintiff] in an attempt to avoid the practical effect of its decision to settle.").  Here, Carter Equity and Russack – on behalf of both the LLC and its "members . . . shareholders, [and] interest holders" – released Univest from "all claims arising out of or relating to the Loan, the Loan Documents, the Property, [and] the Foreclosure Action."  Mantz Decl. Ex. R § 3.  Despite that settlement, Friedman continues to pursue her claim in this Court and via her motion to intervene in the Foreclosure Action.  *See id*. ¶ 38.  Counsel should therefore be sanctioned for pursuing claims that have already been released. *See Fuerst*, 832 F. Supp. 2d at 220.

## III.    THE COURT SHOULD SANCTION PLAINTIFF'S COUNSEL BECAUSE THEY FAILED TO CONDUCT ANY INQUIRY INTO WHETHER NEW YORK WAS AN APPROPRIATE JURISDICTION FOR THESE CLAIMS

Sanctions are also appropriate in this case because Friedman's counsel utterly failed to investigate whether jurisdiction exists over Univest in New York.  "If an attorney alleges jurisdiction when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount."  *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998); *see also Int'l Shipping Co., S.A. v. Hydra Offshore, Inc*., 875 F.2d 388, 392-93 (2d Cir. 1989).  In a diversity action, personal jurisdiction is governed by the law of the forum state.  *Mortg. Funding Corp. v. Boyer Lake Pointe, LC*, 379 F. Supp. 2d 282, 285 (E.D.N.Y. 2005).  The plaintiff bears the burden of proving that personal jurisdiction exists over a non-resident defendant.  *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 562 (E.D.N.Y. 2011).  Here, it is plain that Friedman's counsel made no effort to determine whether personal jurisdiction exists over Univest in New York – it does not – and the Court should therefore sanction counsel pursuant to Rule 11 for ignoring his "responsibility for properly invoking the power of the court."  *See Int'l Shipping*, 875 F.3d at 393.

A cursory review of publicly-available information would have demonstrated to Friedman and her counsel that Univest is not subject to general personal jurisdiction in New York. To be subject to general personal jurisdiction under New York law, a defendant must have engaged in "a continuous and systematic course of doing business in New York." *A.W.L.I.*, 828 F. Supp. 2d at 563 (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)). The plaintiff bears the burden of demonstrating that test has been met, based on several relevant factors: "(1) 'the existence of an office in New York'; (2) 'the solicitation of business in the state'; (3) 'the presence of bank accounts and other property in the state'; and (4) 'the presence of employees of the foreign defendant in the state.'" *Id*. (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985)). Friedman's Complaint does not contain a single allegation concerning any of the above factors, and provides evidence that Friedman and her counsel conducted no investigation before attempting to hale Univest into a court in New York. *See* Compl. ¶¶ 1-3. In fact, a simple review of Univest's website would have demonstrated to Friedman and her counsel that Univest has no offices in New York, and does not solicit business in New York. *See*, *e.g.*, https://www.univest.net/commercial-banking/meet-the-business-banking-team. The failure to make even this basic investigation is sanctionable. *See Gutierrez*, 141 F.3d at 427.

A cursory investigation of the facts of this dispute and of relevant law also would have revealed that Univest is not subject to specific personal jurisdiction in New York. Specific personal jurisdiction may exist over a foreign defendant in New York in four circumstances: (1) the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state"; (2) the defendant commits a tort in New York; (3) the defendant commits a tort outside of New York that causes injury within New York; or (4) the defendant "owns, uses, or possesses any real property" in New York. N.Y. C.P.L.R. 302(a); *see also A.W.L.I.*, 828 F. Supp.

10212236.v1

2d at 564.  Friedman provides no indication in the Complaint of the basis, if any, under which she asserts Univest is subject to specific personal jurisdiction in New York.  *See generally* Compl. ¶¶ 1-9.  The only real property addressed in the Complaint is located in New Jersey – not in New York.  *See* Compl. ¶ 2.  In addition, Friedman nowhere alleges that Univest owns any property in New York and, in fact, it does not.  *See* Compl. ¶¶ 2, 3; Mantz Decl. ¶ 7.  Accordingly, CPLR 302(a)(4) does not provide specific personal jurisdiction over Univest in connection with this action.  Friedman does not allege that Univest committed any tort, precluding the application of subsections 2 and 3 of CPLR 302(a).  Nor can specific personal jurisdiction be asserted over Univest by reason of any contract.  Friedman nowhere alleges that Univest entered into any contract with her, nor that it provided any goods and services to her or anyone else in New York. *See* Compl. ¶¶ 1, 3, 4.  In fact, all that Friedman alleges is that Univest holds a mortgage on the Property, which is located in New Jersey.  *Id*. ¶ 3.  Friedman's allegations and the facts therefore do not demonstrate any effort whatsoever to investigate and determine whether specific personal jurisdiction over Univest exists in New York.  *See Mortg. Funding Corp.*, 379 F. Supp. 2d at 286. Accordingly, Friedman's counsel should be sanctioned for bringing a meritless claim without regard to the existence of personal jurisdiction over the defendant.  *See Gutierrez*, 141 F.3d at 427.

## CONCLUSION

For the reasons set forth above, Univest respectfully requests that the Court grant its Motion, impose sanctions against Friedman and her counsel in an amount equal to the attorneys' fees Univest has incurred in responding to this action, and grant such other and further relief as the Court deems proper and just.

10212236.v1

Dated: October 12, 2022        KLEHR HARRISON HARVEY BRANZBURG LLP


*/s/ Paige M. Willan*
Paige M. Willan
5 Penn Plaza, 19th Floor
New York, New York 10001
(332) 600-5580 (p)
(332) 600-7230 (f)
pwillan@klehr.com

*Attorneys for Defendant*
*Univest Bank and Trust Co.*

17