UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Case No.: 1:22-cv-03858 (WFK)(SJB)

ROCHELLE FRIEDMAN,

                       Plaintiff,   **AFFIRMATION IN SUPPORT**

  -against-

UNIVEST NATIONAL BANK AND TRUST CO.,

                       Defendant.
---------------------------------------------------------------X

     **MARGARET FARID, ESQ**., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under the penalties of perjury:

1. I am a partner in the law firm of ROY FARID LLP ("Roy Farid"), counsel of record for Plaintiff ROCHELLE FRIEDMAN ("Plaintiff") in the above captioned matter.

2. I submit this Affirmation in support of Roy Farid's motion by Order to Show Cause, pursuant to Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, to withdraw as counsel for the Plaintiff, and to stay all proceedings in this matter, for a period of thirty (30) days from the date of this Court's Order herein to permit Plaintiff the opportunity to retain new counsel.

3. Roy Farid's representation of the Plaintiff herein commenced on January 13, 2023 pursuant to the terms of an engagement agreement between Roy Farid and Rochelle Friedman ("the Engagement Agreement").

4. Among other things, the Engagement Letter provides:

   - Roy Farid agreed to represent Plaintiff in connection with the matter of *Friedman v. Univest Bank and Trust Co., Case No.* 22-cv-03858; and

1

- Roy Farid has the right to terminate the Plaintiff's representation for good cause. Good cause to withdraw includes, but is not limited to, Plaintiff's failure to cooperate or follow Roy Farid's advice on a material matter and circumstances where our continued representation would be impractical.

5. Throughout its short representation of the Plaintiff, Roy Farid has acted diligently and in accordance with the firm's ethical and contractual obligations under the Engagement Agreement.

6. There has been a total breakdown in communication as well as Plaintiff's continued failure to provide pertinent documents for the proper representation of the Plaintiff. Based on the foregoing, Plaintiff is in breach of their contractual obligations under the Engagement Agreement.

7. Despite repeated attempts to contact the Plaintiff to prepare for and draft the Opposition to Motion that is due today, we have not been able to speak to her. We also are aware that it does not appear that Plaintiff is going to follow our advice on an extremely material matter to this action.

8. It is well settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephan Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2nd Dep't 1991); *see Bok v. Werner,* 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3rd Dep't 1980); 22 NYCRR §1200.15 (1995). Moreover, when a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted. *See, Lake v. M.P.C. Trucking Inc.* 718 N.Y.S.2d 903, 279 A.D.2d 813 (3rd Dep't 2001) ("Good and sufficient cause has been found to

exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation"); *Kraus v. Botti,* 699 N.Y.S.2d 1889, 190 (3rd Dep't 1999); *Ashkar v. International Business Machines Corp.*, 201 A.D. 2d 765, 766, 601 N.Y.S. 488, 489 (3rd Dep't 1994); *see also Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 317 (3rd Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively"). Indeed, "the existence of an irreconcilable conflict between attorney and client is a proper basis of the attorney to cease representing his client." *Casper v. Lew Lieberbaum & Co.* 199 WL 335334, at *4 (S.D.N.Y. 1999).

9. Last week alone, I called the Plaintiff seven (7) times and emailed Plaintiff to advise her of her options with regard to this action, with follow-up emails trying to reach her to discuss the action up until Sunday, and even through this morning. Despite numerous attempts, I am unable to speak to the Plaintiff.

10. Prior to making this motion, I advised Plaintiff of Roy Farid's intention to seek an Order of this Court permitting Roy Farid's termination and withdraw of its representation of the Plaintiff.

11. Based on the foregoing, good cause and sufficient reasons exist for Roy Farid's termination and withdrawal of its representation of Plaintiff.

12. Roy Farid has made no prior application for the relief requested herein to this or to any other Court.

**WHEREFORE**, for the reasons stated herein, Roy Farid respectfully requests that the Court grant its motion to be relieved as counsel of record in this matter, that this matter be stayed for thirty (30) days while Plaintiff obtains new representation, together with such other and further relief as this Court deems just and proper.

Dated: Floral Park, New York
   February 13, 2023                   /s/ Margaret Farid, Esq.
                                    Margaret Farid, Esq.