UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROCHELLE FRIEDMAN,

            Plaintiff,

   v.                                               **DECISION & ORDER**
                                                        22-CV-3858 (WFK) (SJB)

UNIVEST NATIONAL BANK
AND TRUST CO.,

            Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On June 27, 2022, Rochelle Friedman ("Plaintiff") commenced an action against Univest National Bank and Trust Co. ("Defendant") in New York state court, seeking an injunction barring Defendant from foreclosing on a commercial building in Princeton, New Jersey. ECF No. 1-2. On June 30, 2022, Defendant removed Plaintiff's action to federal court. ECF No. 1. Before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def. Mem. in Support of Mot. to Dismiss ("Def. Mem."), ECF No. 10-2. Plaintiff did not submit a response in opposition to Defendant's motion. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

This action stems from the foreclosure and sale of a New Jersey property. Plaintiff is a Kings County resident and a shareholder in 330 Carter Equity LLC ("Carter"), which owned the property at issue, a commercial building located at 330 Carter Road, Princeton, New Jersey (the "Property"). Compl., ECF No. 1, Ex. A, ¶¶ 1-2. Defendant, a Pennsylvania state-chartered bank that extended a loan to Carter secured by a mortgage on the Property, initiated foreclosure proceedings in May 2021 after Carter defaulted on that loan. Thomas Decl., ECF No. 10-3, ¶ 17. Defendant obtained a final judgment of over $18 million in a New Jersey state foreclosure action in January 2022. *Id.* ¶ 18. After granting Carter multiple adjournments of the sale of the Property, the New Jersey court ordered the sale to proceed upon finding no further stay was merited. *Id.*, Ex. J, 21:12-24.

1

The following day, Plaintiff filed the present Complaint in New York state court, though she did not serve Defendant with any papers on that day. *See* Compl.; Thomas Decl. ¶ 28. The auction occurred on June 29, 2022. Thomas Decl. ¶ 31. Defendant was the sole bidder and purchased the Property for its opening bid. *Id.* On June 30, 2022, Defendant removed the instant case to this Court. ECF No. 1.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. ECF No. 10. Defendant argues the Court should dismiss on the grounds (1) this Court does not have personal jurisdiction over Defendant; (2) Plaintiff lacks standing to object to foreclosure proceedings involving the Property; (3) Plaintiff fails to state a legally cognizable claim that is not barred by collateral estoppel; and (4) Plaintiff's claim is moot, as the Property has since been sold pursuant to the New Jersey state court's orders.

The Court agrees that it lacks personal jurisdiction over Defendant. Therefore, the Court dismisses Plaintiff's Complaint on that basis and does not address Defendant's remaining arguments.

## **LEGAL STANDARD**

Under Rule 12(b)(2), a defendant may challenge a court's personal jurisdiction over it. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating personal jurisdiction over a defendant. *Penguin Grp. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). In cases involving non-resident defendants, courts first assess whether a defendant is subject to personal jurisdiction pursuant to the forum state's long-arm statute. *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017). If so, courts then consider whether the exercise of personal

jurisdiction comports with due process requirements. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

## DISCUSSION

As an initial matter, Plaintiff has not opposed Defendant's Motion to Dismiss. That said, "[a plaintiff's] failure to oppose . . . cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (Holwell, J.) (internal quotation marks, citations, and ellipses omitted). "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* at 564. Thus, the "Court must review the Complaint to determine whether plaintiff has carried his burden." *Id.* at 564.

The Court does not dismiss the instant Complaint because of Plaintiff's failure to oppose Defendant's Motion. Rather, the Court dismisses for a different reason: it does not possess personal jurisdiction over Defendant Univest. Pursuant to New York's long arm statute, there are two ways by which courts within the State can exercise personal jurisdiction over a non-resident defendant: general jurisdiction or specific jurisdiction. *See A.W.L.I. Grp.*, 828 F. Supp. 2d at 563. General jurisdiction is governed by N.Y. C.P.L.R. § 301, and specific jurisdiction is governed by N.Y. C.P.L.R. § 302.

"Where, as here, the Court 'relies on the pleadings and affidavits, and chooses not to conduct a 'full-blown evidentiary hearing,' plaintiffs need only make a *prima facie* showing of personal jurisdiction over the defendant.'" *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 562 (E.D.N.Y. 2011) (Spatt, J.) (citation omitted). A plaintiff can make such a showing by "making legally sufficient allegations of jurisdiction, including an averment

3

of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Id.* (citation omitted).

As already noted, Plaintiff did not file an opposition to Defendant's Motion to Dismiss. Moreover, Plaintiff's Complaint, originally filed in state court, contains no factual averments that permit the Court to establish personal jurisdiction over Defendant. *See* Compl. Plaintiff thus fails to meet her burden to demonstrate the existence of personal jurisdiction. Nevertheless, for the sake of thoroughness, the Court conducts its own jurisdictional analysis below by first considering whether jurisdiction exists pursuant to New York's long-arm statute. Because, as explained below, the Court concludes it does not, the Court's analysis ends here.

General jurisdiction does not exist in this case. Under Section 301 of the C.P.L.R., general jurisdiction exists where a corporation "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (citing *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33 (1990)). "In determining whether a defendant is subject to general jurisdiction, New York courts look to a number of factors including: (1) 'the existence of an office in New York'; (2) 'the solicitation of business in the state'; (3) 'the presence of bank accounts and other property in the state'; and (4) 'the presence of employees of the foreign defendant in the state.'" *A.W.L.I. Grp.*, 828 F. Supp. 2d at 563.

Defendant asserts it has no offices or branches in New York, nor does it maintain any employees in the state. Thomas Decl. ¶ 4. Defendant further asserts it does not solicit customers in New York, is not licensed to business in the state, and holds no property in the state. *Id.* ¶¶ 5-

4

6. In short, as Defendant states, "[Plaintiff] only alleges that Univest made a loan to a New Jersey company that was secured by real property located in New Jersey." Def. Mem. at 7. The sole connection between this action and the state of New York is that Plaintiff is purportedly a Kings County resident. Compl. ¶ 1. This fact alone has no bearing on the Court's jurisdiction.

Specific jurisdiction is also lacking here. Under Section 302 of the C.P.L.R., specific jurisdiction may exist over a non-resident defendant where the defendant: (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state"; (2) "commits a tortious act within the state"; (3) "commits a tortious act without the state causing injury to person or property within the state"; or (4) "owns, uses or possesses any real property" in New York. *A.W.L.I. Grp.*, 828 F. Supp. 2d at 565 (quoting N.Y. C.P.L.R. 302(a)). As already explained, Defendant asserts it transacts no business in New York and possesses no property in the State. *See* Thomas Decl. ¶¶ 4-6. Plaintiff asserts no facts to the contrary, nor does she claim Defendant entered into any contract with her. As such, neither C.P.L.R. 302(a)(1) or (4) provides the Court jurisdiction over Defendant. Nor does Plaintiff assert any tort claims against Defendant, *see* Compl, and thus neither C.P.L.R. 302(a)(2) or (3) can serve as the basis of this Court's jurisdiction.

## Conclusion

The Court hereby GRANTS Defendant's motion to dismiss, ECF No. 10, on the grounds this Court lacks personal jurisdiction over Defendant. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2023
      Brooklyn, New York